IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARVIN M. HOLMES,

    Petitioner,

v.

JAN JURDEN, Judge, DELAWARE
DEPARTMENT OF CORRECTIONS, and
ATTORNEY GENERAL OF THE STATE
OF DELAWARE,

    Respondents.

Civil Action No. 15-599-RGA

## MEMORANDUM

Presently pending before the Court is Petitioner Marvin M. Holmes' Motion for Leave to Proceed *In Forma Pauperis* (D.I. 1) and his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (D.I. 3). In August 2013, a Delaware Superior Court jury found Petitioner guilty of escape after conviction, and he was sentenced as a habitual offender to eight years of Level V imprisonment. *See Holmes v. State*, 99 A.3d 227 (Table), 2014 WL 3559686, at *1 (Del. July 17, 2014). The Delaware Supreme Court affirmed that decision on direct appeal. *Id.* at *4. Petitioner filed the instant Petition on July 14, 2015, which contains four claims challenging his 2013 conviction. (D.I. 3 at 4-5) The Petition also contains a statement from Petitioner that the Delaware Superior Court rejected his motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") that he attempted to file in June 2015. (D.I. 3 at 6-7) On August 5, 2015, Petitioner filed a letter stating that his Rule 61 motion had been accepted and filed in the Superior Court, along with a copy of his Rule 61 motion containing a stamp from the Prothonotary indicating that his Rule 61 motion was filed on July 13, 2015. (D.I. 7 at 1, 4)

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

The documents Petitioner provided after filing his Petition indicate that the Superior Court has accepted his Rule 61 motion and that said motion is presently pending before the Delaware Superior Court. Therefore, it plainly appears that Petitioner is not entitled to federal habeas relief because he has not yet exhausted state remedies.[1] Accordingly, the Court will summarily dismiss Petitioner's § 2254 Petition without prejudice. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: October 14, 2015

_____
UNITED STATES DISTRICT JUDGE

---

[1] Habeas applications filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Petitioner is responsible for determining the events that trigger and toll the limitations period.

2